**Leon Eugene MORRIS,
Plaintiff-Appellant,**

v.

**PETERSEN, Sergeant; et al.,
Defendants-Appellees.**

**Leon Eugene Morris, Plaintiff-
Appellant,**

v.

**Ippolito, Sergeant; et al., Defendants-
Appellees.**

**No. 16-15088, No. 16-15091**

United States Court of Appeals,
Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

Leon Eugene Morris, Pro Se

Before: WALLACE, SILVERMAN, and
BYBEE, Circuit Judges.

MEMORANDUM **

California state prisoner Leon Eugene
Morris appeals pro se from the district
court's judgments dismissing his 42 U.S.C.
§ 1983 actions under the Prison Litigation
Reform Act, 28 U.S.C. § 1915(g), and Fed-
eral Rule of Civil Procedure 41(b). We
have jurisdiction under 28 U.S.C. § 1291.
We review de novo a dismissal under
§ 1915(g). *Andrews v. King*, 398 F.3d

1113, 1118 & n.6 (9th Cir. 2005). We vacate
and remand.

The district court denied Morris's mo-
tions to proceed in forma pauperis ("IFP")
on the basis that Morris had brought at
least three prior actions in federal court
that were dismissed as frivolous, malicious,
or for failure to state a claim, and Morris
failed to show that he was "under immi-
nent danger of serious physical injury" at
the time that he lodged his complaints. 28
U.S.C. § 1915(g). However, at the time of
its decisions, the district court did not have
the benefit of *El-Shaddai v. Zamora*, 833
F.3d 1036 (9th Cir. 2016), in which this
court concluded that an appeal dismissed
for failure to pay the filing fee after the
revocation of IFP status on appeal does
not constitute a strike under § 1915(g) if
this court makes no finding that the appeal
falls within one of the grounds enumerated
in § 1915(g). *See id.* at 1043. We vacate the
judgments and remand for the district
court to reconsider Morris's IFP motions
in light of this intervening opinion.

**VACATED and REMANDED.**

* The panel unanimously concludes these cases
are suitable for decision without oral argu-
ment. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.